Argued and submitted May 4, reversed and remanded with instructions to allow claim
September 23, 1987

In the Matter of the Compensation of
Francisca A. Duran, Claimant.

# DURAN,
*Petitioner,*

*v.*

# SAIF CORPORATION et al,
*Respondents.*

(WCB Nos. 85-03909, 85-06267; CA A41266)

742 P2d 1197

Bruce D. Smith, Salem, argued the cause for petitioner. On the brief were Sharon Stevens, and Law Offices of Michael B. Dye, Salem.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's determination that she did not suffer a compensable mental disorder caused by stress associated with her employment. On *de novo* review, we reverse.

Claimant is employed as a counselor by the Salem Housing Authority. On January 28, 1985, she slipped on ice in the Housing Authority's parking lot and sustained a compensable injury to her right hip and left wrist. About the same time, she became involved in a dispute with her immediate supervisor over vacation time. The dispute arose when claimant requested vacation leave for the same dates that two other employes had signed up for earlier. Her supervisor told her that, if she wanted to take the leave as requested, she would have to exercise her seniority rights. Claimant said that she was reluctant to do so and later expressed surprise and dismay when, without further discussion, the supervisor announced at a weekly staff meeting that claimant had invoked seniority. Claimant subsequently filed a grievance regarding that matter.

After claimant filed the grievance, she perceived a change in her supervisor's attitude and, because of two events in particular, concluded that she was being harassed in retaliation for filing the grievance and was being discriminated against because of her race. Initially, she felt harassed and discriminated against when her supervisor made pointed inquiries and contacted her doctor concerning work restrictions placed on her because of her hip injury. Then the event occurred which, for claimant, was the last straw. She was called into her supervisor's office and informed that she had been assigned temporarily to a new position that both she and her coworkers considered less desirable and more stressful than her former position. Claimant also considered the assignment demeaning and believed that she had been selected unfairly over employes with less seniority.

After being informed of her new job assignment, claimant became distraught and, later that afternoon, filed the workers' compensation claim that precipitated this proceeding, indicating that she was unable to work because of

"stress due to on-the-job harassment."[1] SAIF, her employer's insurer, denied the claim, and claimant asked for a hearing. The referee found that claimant did suffer a stress-related mental disorder and that the major contributing cause was job-related stress. He denied the claim, however, after concluding that she had not been harassed or discriminated against and that the real events underlying her perception that she had been, when viewed objectively, "were not actual stressful circumstances."

The Board affirmed the referee's decision, but for different reasons. It found that claimant did experience "real events and conditions while performing her work activities which, when viewed objectively, were capable of producing stress." Nevertheless, it concluded that claimant's mental disorder was not compensable, because "most of her stress" is the result of her perception that she was being subjected to harassment, which, although "honest," was "unfounded." The Board also stated that it was not persuaded that claimant's job-related stress was the major contributing cause of her mental disorder[2] and questioned whether she is suffering from such a condition at all.

■■■■ A "stress claim" is compensable if the claimant establishes that she has suffered a mental disorder, the major contributing cause of which is her reaction to real on-the-job events or conditions. *McGarrah v. SAIF,* 296 Or 145, 675 P2d 159 (1983). Here, we find, as did the referee, that claimant suffered a mental disorder and that the major contributing cause is job-related stress. That finding is consistent with the opinions of both Dr. Brust, claimant's treating physician, and Lowther, the clinical social worker to whom she was referred for treatment.

As in *Petersen v. SAIF,* 78 Or App 167, 714 P2d 1108, *rev den* 301 Or 193 (1986), in which the claimant filed a claim indicating that she was unable to work because of "stress, job harassment and undermining of the city administrator," we

---

[1] Because we hold that claimant's mental condition is compensable on the basis of on-the-job stressful events, we do not consider her claim that her mental condition is causally related to the compensable physical injuries that she sustained earlier.

[2] Claimant was also subjected to a number of off-the-job stresses, including the death of her parents and marital problems. We agree with the referee that the major contributing cause of claimant's mental disorder was job-related stress.

need not decide whether claimant was, in fact, subjected to harassment. In *Petersen,* we held that, if the claimant reacted to real events, she had a basis for a stress claim regardless of whether her perception of harassment was reasonable or rational. The issue is whether the events underlying claimant's perception of harassment and discrimination are real, as opposed to imaginary, and are capable of producing stress; their medical effect on a claimant, however, is measured by the actual reaction, rather than by an objective standard of whether the conditions would have caused disability of an average worker. *Petersen v. SAIF, supra,* 78 Or App at 170.

■      Claimant's perception that she was being harassed, whether or not it was unreasonable, was based on real events which were capable of causing stress. *See Leary v. Pacific Northwest Bell,* 67 Or App 766, 680 P2d 5 (1984).[3] Accordingly, we hold that her claim is compensable. SAIF argues that any on-the-job stress was solely caused by claimant's perception that she was being harassed and not by the events underlying her perception. That argument begs the question. The fact is that real, stressful events did occur which caused claimant to suffer a mental disorder.[4]

Reversed and remanded with instructions to allow the claim.

---

[3] In *Leary,* we found that most of the events and conditions of the claimant's employment that were claimed to have produced stress were only imagined and, in fact, did not exist. 67 Or App at 770.

[4] Claimant seeks the imposition of a penalty and attorney fees under ORS 656.262(10) for denial of her claim. Although SAIF's denial was wrong, we conclude that SAIF did not act so unreasonably as to justify the assessment of a penalty. *See Petersen v. SAIF, supra,* 78 Or App at 172.